# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NISHA WEEMS,

    *Plaintiff,*

vs.

    Case No. 19-1046-EFM-TJJ

KANSAS MASONIC HOME,

    *Defendant.*

## MEMORANDUM AND ORDER

This case involves a motion to dismiss for failure to state a claim for which relief can be granted made by Kansas Masonic Home ("KMH") against Count II of Nisha Weems's complaint. Weems alleges KMH, her employer, retaliated against her in violation of 42 U.S.C. § 1981. Weems has not stated a claim for retaliation because she has not alleged any protected opposition to discriminatory conduct that KMH engaged in. Therefore, KMH's motion to dismiss (Doc. 9) is granted.

### I.    Factual and Procedural Background[1]

Weems, who is an African-American woman, worked as a manager for KMH. KMH continually encouraged Weems to apply for a doctoral program for which KMH would pay tuition while Weems worked for KMH. Weems told her supervisor that she intended to submit a writing

---

[1] The facts are taken from Weems's complaint and are accepted as true for the purposes of this ruling.

sample for the program which would reflect Weems's view that senior executive leadership in the healthcare industry lacked diversity. The supervisor reacted negatively to Weems's topic and subsequently withdrew KMH's commitment to fund Weems's doctoral program. Weems also alleges that her termination and unwarranted criticism of her work followed her communication of the topic for her writing sample. Weems alleges that KMH directed racially improper treatment toward her during her employment including: "(a) unwelcome commentary about plaintiff Weems which arose from her status as an African-American; (b) unequal and/or disparate treatment demonstrated toward plaintiff as compared to that afforded to white employees; (c) pretextual explanations provided to plaintiff Weems as to her course of treatment in the workplace." Weems has brought two causes of action: (a) racial discrimination in violation of 42 U.S.C. § 1981 and (b) race-based retaliation in violation of 42 U.S.C. § 1981. KMH has made a motion to dismiss only for Weems's retaliation claim.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim for which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

of claims as well as the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[8]

### III. Analysis

42 U.S.C. § 1981 guarantees equality of rights between minority races and white citizens for making and performing contracts.[9] The elements of a retaliation claim under 42 U.S.C. § 1981 and Title VII are the same.[10] Employer retaliation is prohibited when an employee has opposed a discriminatory employment practice.[11] The *McDonnell Douglas v. Green* framework is used to evaluate retaliation claims.[12] Under this framework, the plaintiff must make a prima facie case of discrimination first.[13] Then, the burden shifts to the defendant to give a

---

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); see also Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678-79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] 42 U.S.C. § 1981.

[10] *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011).

[11] 42 U.S.C. § 2000e-3(a); *Twigg*, 659 F.3d at 998.

[12] 411 U.S. 792, 802–04 (1973); *Rowland v. Franklin Career Servs., LLC*, 272 F. Supp. 2d 1188, 1206 (D. Kan. 2003).

[13] *McDonnell Douglas*, 411 U.S. at 802–04.

nondiscriminatory reason for the challenged actions after the plaintiff makes a prima facie case.[14] The burden then shifts back to the plaintiff to show the reason the defendant gave is a mere pretext for discrimination.[15]

To state a prima facie case for retaliation, Weems must show: (a) she engaged in a protected activity, (b) a reasonable employee would find the challenged action materially adverse, and (c) the protected activity must have caused the materially adverse action.[16] A protected activity can be opposition to discrimination or participation in an investigation, proceeding or hearing under Title VII.[17] To "oppose" has its ordinary meaning of resisting, confronting, or contending against.[18] An employee communicating to an employer a belief that the employer has engaged in employment discrimination is almost always opposition to discrimination.[19] Additionally, the employer must know that the opposition was based on the plaintiff's belief that the employer's action constituted discriminatory conduct prohibited by statute.[20] KMH argues only that Weems's complaint failed to state that she engaged in a protected activity.

---

[14] *Id.*

[15] *Id.*

[16] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012); *see also Beck v. Figeac Aero North American, Inc.*, 2019 WL 2646602 at *4 (D. Kan. 2019).

[17] *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1151 (10th Cir. 2008).

[18] *Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 555 U.S. 271, 276 (2009) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

[19] *Id.*; *see also Beck*, 2019 WL 2646602 at *4 (denying a motion to dismiss on retaliation claim where the claimant had complained to HR of her manager's discriminatory conduct).

[20] *Zokari v. Gates*, 561 F.3d 1076 (10th Cir. 2009); *Robinson v. Cavalry Portfolio Servs., LLC*, 365 F. App'x 104, 113 (10th Cir. 2010); *see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 339–40 (1997) (finding that filing a race discrimination lawsuit against the defendant was a protected opposition to discrimination); *see also Hillig v. Rumsfeld*, 381 F.3d 1028, (10th Cir. 2004) (finding that filing two discrimination complaints with the EEOC against the defendant was a protected opposition to discrimination).

The Court concludes that Weems has not stated a claim of retaliation because her allegation of communication to KMH was not of unlawful conduct committed by any employer but of a disparity in the entire healthcare industry. In *Beck*, another recent case in this district involving a motion to dismiss a retaliation claim, the plaintiff alleged she had complained to her employer of her manager's specific acts that the plaintiff thought were discriminatory.[21] This was an allegation of protected opposition to discrimination.[22] Unlike the plaintiff in *Beck*, Weems's allegation is that her protected opposition to discrimination was communicating to her supervisor a belief about the entire healthcare industry rather than a belief about KMH's actions in particular. Assuming this is true, the communication is not of any racially discriminatory conduct committed by KMH because, for example, it would be possible that the healthcare industry as a whole lacks racial diversity without KMH racially discriminating.

Weems argues a protected opposition can be against a different entity than the defendant. Weems cites two cases where the plaintiff was alleged to have opposed the discriminatory acts of an entity other than the defendant: *McMenemy v. City of Rochester*[23] and *Christopher v. Stouder Memorial Hospital*[24]. In *McMenemy*, the Second Circuit held that reporting unlawful discriminatory acts is protected opposition to discrimination even if the report is about an

---

[21] 2019 WL 2646602 at *1

[22] *Id.*, at *4.

[23] 241 F.3d 279 (2d Cir. 2001).

[24] 936 F.2d 870 (6th Cir. 1991).

employer other than the defendant.[25] In *Christopher*, the Sixth Circuit held a sex discrimination law suit against a previous employer would constitute a protected opposition to discrimination.[26]

These cases do not support Weems's argument that communication of a disparity in the healthcare industry is a protected opposition to discrimination. In both cases, the claimant had opposed acts conducted by an employer other than the present defendant.[27] However, unlike the claimant in these cases, Weems has not alleged she opposed an employer. Rather, Weems has only alleged that she stated she believes the senior executives across the entire health care industry lack diversity. This is not a prohibited discriminatory act by an employer but an abstract concern. Opposing such a concern, then, is not protected opposition to discrimination.

Without successfully pleading that she engaged in a protected activity, Weems cannot make a prima facie case for retaliation.[28] Weems has failed to bring enough factual allegations to state that she engaged in a protected activity, so Weems has not made a prima facie case for retaliation. Therefore, the court grants KMH's motion to dismiss Weems's retaliation claim because she has not sufficiently alleged facts to state that she engaged in protected opposition to discrimination.

---

[25] 241 F.3d at 283.

[26] 936 F.2d at 871, 879.

[27] *McMenemy*, 241 F.3d at 283; *Christopher*, 936 F.2d at 871, 879.

[28] *See Khalik*, 671 F.3d at 1193.

**IT IS THEREFORE ORDERED** that Kansas Masonic Home's Motion to Dismiss (Doc. 9) is **GRANTED**. This Order only dismisses Plaintiff's retaliation claim.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2019.

                                             ERIC F. MELGREN
                                             UNITED STATES DISTRICT JUDGE